**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Case: 1:22-cv-03673  JURY DEMAND
Assigned To : Contreras, Rudolph
Assign. Date : 12/8/2022
Description: Gen Civ. (E-Deck)

December 8th, 2022

**DEMAND FOR JURY TRIAL**

PAUL MAUCHA
5721 Potomac Ave. NW
Washington, DC 20016,

      Plaintiff,

  v

THE BANK OF NEW YORK MELLON AS
INDENTURE TRUSTEE FOR CWHEQ, INC., REVOLVING HOME EQUITY LOAN ASSET-BACK NOTES, SERIES 2007-E
240 Greenwich St
New York, New York 10286

Aaron D. Neal
6411 Ivy Ln Suite 200
Greenbelt, MD 20770

McNamee Hosea
6411 Ivy Lane suite 200
Greenbelt, MD 20770

Bank of America
7105 Corporate Drive
Plano, Texas 75024

Jose Diaz-Asper
2801 Olive Ave NW
Washington, DC

RECEIVED

DEC - 8 2022

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

1

ATG Title Inc
11320 Random Hills Rd Suite 120
Fairfax, VA. 22030

Fairmont Developers, LLC
3922 Macomb St NW
Washington, DC 20016

Specialized Loan Servicing LLC
87412 Lucent Blvd Suite 300
Highlands Ranch, CO 80129

Wilmington Trust
1100 North Market St Suite 1300
Wilmington, DC 19801

M & T Bank
One M& T Plaza
Buffalo, NY 14203


Tamir Eid
6101 Winward Drive
Burke, VA 22015

Central Properties, LLC
1353 V St NW
Washington, DC 20009

Andrew M. Williamson
1825 Eye Street. NW.
Washington, DC. 20006

Paul Sliwka
Bruce Lipson
Coldwell Banker
1101 30th. Street, NW.
Washington, DC. 20007

Giovanni A. Amaya
5300 Harrison Street
Hollywood, Fl. 33021

Jonathan Taylor
TTR Sothebys International Realty
1206 30th. Street, NW.
Washington, DC. 20007


   Defendants,

*COUNTER* ~~strikethrough~~

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

In this action, Plaintiff Paul Maucha, tenant at 5721 Potomac Ace. NW. Washington in the District of Columbia (the "Property"), alleges that Defendant Bank of America N.A. (hereinafter "Bank of America") wrongfully sold the Property to Defendant The Bank of the New York Mellon as Indenture Trustee for CWHEQ, Inc., Revolving Home Equity Loan Asset-Backed Notes, Series 2007-E (hereinafter, "Bank of New York"), without first giving Plaintiff an opportunity to purchase the Property in compliance with the District's Tenant Opportunity to Purchase Act ("TOPA").

Over the last 10 yrs, Bank of America and Bank of New York have filed multiple cases against Mr Maucha. Both banks have collected cumulatively over $170,000 in rental payments. Now, both banks now state they do not own the home that the have collected rental monies for. The last rental payment which was over $80,000 was made to Mr Aaron Neal who stated that he represents the Landlord Bank of New York Mellon.

In case **2021 CA 003380 B**, the purported attorney Aaron D. Neal for Bank of New York has caused significant ambiguity. Mr. Aaron Neal replied to the complaint and has been submitting motions and responses as the hired and retained representative for Bank of New York Mellon. Then, on November 7th, 2022 in testimony to the judge admitted in open court that he was never hired by Bank of New York Mellon. Instead states that he was hired by an third party named Specialized Loan Servicing that has no finanical

3

interest in 5721 Potomac Ave NW nor is it a party in. the case. Mr Aaron Neal and SLS have fraudulently made submissions to court that they represent Bank of New York Mellon, obtained court rulings in Bank of New York's favor and collected over $80,000. Bank of American has also collected over $100,000 in rent and admitted that it is no a landlord or finanicical party of interest. This is a violation of the **Federal Fair Debt Collection Practice Act U.S.C 1692 c (b)**. This fraud is ongoing, occurring in DC Superior Court, involves the use of the DC Superior Court and Court registry to commit the fraud and debt collection and thereby requires that this case be moved to federal court.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C §1332.

2. Venue is proper in this district pursuant to 28 U.S.C § 1391 (b), since the Property at issue is located in the District of Columbia~ ~~GH.

3. There is diversity of jurisdiction with parties in Washington, DC, Colorado, New York, MD, Virginia, Delaware, and Florida.

4. The damages are over the minimum $75,000 threshold.

## REMOVAL TIME OF 30 DAYS MET BECAUSE OF AMBIGUITY CAUSED BY FRAUDULENT REPRESENTATION OF MR. AARON NEAL

The original complaint for case **2021 CA 003380 B** was filed on or about 2/4/2022. However it was not until hearing on November 10th, 2022, that Aaron D. Neal admitted in court that in fact he was not hired by Bank of New York Mellon. The transcript has been ordered and will be filed as an supplemental exhibit when received. In addition, Mr Aaron Neal referenced for the first time that he was hired by third party that was never originally serviced or a part of the original case. This injected ambiguity into the case. Therefore the removal time is not triggered until sufficient information and notice is received. This new testimony provided clarity that the claim is against all parties for the fraudulent collection of debt. Mr. Maucha followed court orders and paid the debt to Mr. Aaron Neal who purportedly represented BNYM and now on Nov 7th, has admitted that he does not represent that party. As a result of this testimony there is a new claim and new defendants whose presence and existence was never disclosed until November 10th, 2022. This removal includes the notification of the new party, Specialized Loan Servicing, LLC., and is within 30 days of November 10th, 2022. A defendant must file their notice of removal within 30 days after the service of summons upon defendant it... it is not require to be served on the defendant, whichever period is shorter. Id 1446 (b)(1).

## PARTIES

1. Plaintiff Paul Maucha is a current tenant at the Property and was a tenant at the Property for all periods relevant to this Complaint. He is a citizen of the District of Columbia.

5. Upon information and belief, Defendant Bank of America is a corporation based in North Carolina.

6. Upon information and belief, Defendant Bank of New York is a corporation based in New York.

7. Upon information and belief, Defendant Wilmington Trust was the Owner Trustee of CWHEQ Inc and M& T Bank at some time purchase Wilmington Trust and its assets and obligations.

8. Upon information and belief, the Substitute Trustees (Defendants Howard N. Bierman, Jacob Geesing, and Carrie Ward) are Maryland lawyers who served as substitute trustees when the Property was conveyed to Bank of New York.

9. Upon information and belief Aaron D. Neal is an attorney in Maryland that represents a third party interloper committing fraud. McNamee Hosea is a law firm for which Aaron Neal works.

10. Upon information and belief Specialized Loan Servicing is a mortgage servicing company with no ownership interest in 5721 Potomac Ave NW per DC Recorder of Deed but is asserting otherwise through Aaron D. Neal.

11. Upon information and belief ATG Title is a title company that was unable to clear title to sell in TOPA sale and is based in Virginia.

12. Upon information and belief Fairmont Developers, LLC is a DC corporation executed a fake contract to purchase 5721 Potomac Ave., NW.

13. Upon information and belief Jose Diaz-Asper is from Washington, DC.

## FACTS

14. On or about October 1, 2007, Plaintiff became a tenant at the Property, renting it from its then owner, Valda Crowder.

15. On November 21, 2007, the Substitute Trustees sold the Property at public auction, as a result of a foreclosure, to Countrywide Home Loans, Inc., for $1.343 million. For reasons unknown, Substitute Trustees Deed was not filed until 16 months after the sale. Corrective Substitute Trusteed Deed was not filed for several years. Both documents state that the deed has NOT been conveyed even now over a decade after the purported sale.

16. In 2008, Bank of America purchased Countrywide Home Loans, Inc.

17. On March 27, 2009, title to the Property was conveyed to the foreclosure purchaser, Countrywide Home Loans, Inc. in a document called a Substitute Trustees' Deed (hereinafter the "First Deed")

18. After the foreclosure sale, Countrywide/Bank of America continually acted as and purported to be Plaintiff's landlord. BOA over that time period took over $90,000 out of the DC Court Registry claiming to be the landlord and the owner of the property.

19. On October 19, 2009, the Substitute Trustees and Countrywide Home Loans, Inc. fraudulently conveyed title to the Property to Bank of New York through a deed (hereinafter the "Second Deed") purporting to be a conveyance subsequent to a foreclosure sale.

20. Countrywide/Bank of America continually acted as and purported to be Plaintiff's landlord even after title to the Property that was conveyed to Bank of New York.

7

Case 1:22-cv-03673-RC   Document 2   Filed 12/08/22   Page 8 of 13

21. From 2009 to 2015, Countrywide/Bank of America continually sought Plaintiff's eviction in D.C. Superior Court.

22. Countrywide/Bank of America filed a suit for possession, 2009 LTB 28258, in D.C. Superior Court, on September 2, 2009.

23. A Notice to Quit and Vacate purporting to be sent to Plaintiff on June 4, 2012, on behalf of Bank of America, referred to Bank of America as "your landlord."

24. Sometime within the past three years, Countrywide/Bank of America first admitted in open court, in case 2009 LTB 28258, that it was not the actual owner of the Property, and that title in fact has been conveyed to another entity on October 19, 2009.

25. In court on **2019 CAB 006217**, testimony was given in court by the Bank's then attorney Adrien C. Pickard that neither Bank of New Mellon nor Bank of America has any ownership or financial interest in 5721 Potomac Ave., NW. Washington DC.

26. Bank of New York Mellon on numerous occasions has indicated by provided emails and including their tax filings stating Bank of New York Mellon has no real property in Washington DC.

27. Mr. Aaron D. Neal in all bank of New York Mellon cases entered the docket as representing Bank of New York Mellon. Then subsequently in open court provided testimony that he has never been hired by Bank of New Mellon. This new testimony gives rise to the complaint of violation of the Federal Fair Debt Collection Practices Act. Mr Aaron Neal states in this testimony that he was not

hired by Bank of New York Mellon but instead was hired by Specialized Loan Servicing LLC (SLS)

28. SLS has admitted in court that it also has no ownership or financial interest in 5721 Potomac Ave NW. SLS has a history of fraudulent business practice and is currently under a consent order with the US Bureau of Consumer Financial Protection via Administrative Proceeding **File No 2020-BCFP-0002**

29. Upon information and belief, the Property's value in 2009, was somewhere between $1.343 million and $2 million.

30. In 2015, the District of Columbia assessed the Property's value at $2.3 million.

## CLAIM FOR RELIEF

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692 c (b)**

1. Bank of America claimed in court that it was the owner of 5721 Potomac Ave., NW. Washington, DC. in multiple Landlord Tenant cases LTB 21256 - 12, 2018 LTB 017733

2. After collecting over $90,000 in rent, Bank of America submitted documentation to the DC Recorder of Deeds that it was not the true purchase of 5721 Potomac Ave NW.

3. Subsequently, Bank of New York Mellon stated it was the owner for 5721 Potomac Ave NW and Aaron Neal collected over $80,000 in rent.

4. Both Bank of New York and Bank of America have admitted in open court that neither are the owner of 5721 Potomac Ave NW.

5. Aaron Neal has recently admitted in open court that he was not hired by Bank of New Mellon.

6. All cases and DC Superior Court mandating Mr. Maucha pay said parties represent fraud and the use of the court to violate the Fair Debt Collection Practice Act. 15 USC 1692 c (b), thus requiring all existing cases to transferred to federal court for adjudication.

## TOPA VIOLATION

31. Plaintiff repeats the allegations in paragraphs 1-20 as if fully set forth herein.

32. In the District, before an owner of a housing accommodation may sell the accommodation, the owner must give the tenant an opportunity to purchase the accommodation. D.C. Code § 42-3404.02.

33. A tenant must also be given the right of first refusal for a 15-day period after receiving a valid sales contract from the owner. D.C. Code § 42-3404.08.

34. The District's TOPA statute defines the term "sale" broadly, but it does not include the transfer of title by foreclosure. D.C. Code § 42-3404.02(c)(2)(C).

35. By fraudulently labeling the Second Deed as a conveyance subsequent to a foreclosure sale and by failing to give Plaintiff of his opportunity to purchase the Property.

36. Further, because Defendants hid the true nature of the conveyance to the Bank of New York via the fraudulent Second Deed filed with the D.C. Recorder of Deeds in 2009, the statute of limitations on TOPA claims was tolled.

37. Plaintiff is seeking declaratory relief invalidating the conveyance to the Bank of New York, and affording Plaintiff the right to purchase the Property, or in the alternative, monetary damages.

38. Bank of New York is a necessary party, as it is has purported to be the title owner of the record with the DC recorder of Deeds but has stated in court that it is not the owner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual damages of at least $5.5 million, and court costs, in favor of Plaintiff and against Defendants, jointly and severally;

B. Award Plaintiff punitive damages in the amount of at least $10 million;

C. Award Plaintiff reasonable attorney's fees pursuant to D.C. Code § 42-3509.02;

D. Declare that the sale of the Property to Bank of New York was invalid;

E. Disavow Aaron Neal is attorney for Bank of New York Mellon since he has admitted in open court that they BONY Mellon never hired him.

F. Declare Specialized Loan Servicing, Bank of New York Mellon, Bank of America, M& T Bank, Wilmington Trust as having no ownership or financial interest in 5721 Potomac Ave NW.

G. Declare are rents paid to Bank of America and Bank of New York Mellon as fraudulently obtained and a violation of the fair debt collection act. Award Plaintiff treble damages in the amount of $510,000 for rent paid and and $5M for harassment from other third parties.

H. Declare that Plaintiff has the right to purchase the Property at its market value in 2009; and

I. Grant Plaintiff such other and further relief and damages as the nature of his cause and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

/s/Paul Maucha/
Paul Maucha
5721 Potomac Ave. NW
Washington, DC 2016
202-681-9491

## Certificate of Service

I hereby certify that on December 7th, that a copy of this complaint was sent by regular mail to the party/parties in the case of their attorney as listed.

Plaintiff

/s/ Paul Maucha

Paul Maucha, by Agent Without Recourse

Dated this December 7th, 2022